## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| **DEMONTE TOWNS,** | |
|      **Plaintiff,** | |
| **v.** | **Civil Action No.:  3:22-cv-00380** |
| **UNITED WISCONSIN INSURANCE COMPANY** | |
|     **Serve: CT CORPORATION SYSTEM**<br>          **4701 Cox Road**<br>          **Suite 285**<br>          **Glen Allen, Virginia 23060** | |
|     **Defendant.** | |

## COMPLAINT

Plaintiff, Demonte Towns ("Plaintiff"), by counsel, for his Complaint, moves this Court for judgment against Defendant United Wisconsin Insurance Company ("Defendant"), on the grounds and in the amount set forth below:

1.     This is an action for judgment pursuant to 28 U.S.C. §§ 1332 and 2201 against Defendant for the purpose of determining questions of actual controversy between the parties, determining that Defendant is liable to Plaintiff in the amount of at least $750,000.00, and ordering Defendant to pay such amount to Plaintiff.

2.     Plaintiff is a citizen of the Commonwealth of Virginia.

3.     Upon information and belief, Defendant is a Wisconsin corporation with its principal place of business in New Berlin, Wisconsin.  Defendant is registered to do business in the Commonwealth of Virginia and has its registered agent in Henrico County, Virginia.

4.     This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there exists complete diversity of citizenship between the parties.

5.     Venue is proper in the Eastern District of Virginia—Richmond Division under 28 U.S.C § 1391 because the judgment giving rise to this action was entered in Greenville County, which falls within the jurisdiction and venue of this district and division.

6.     On the evening of December 3, 2020, Naswiru Semaska ("Mr. Semaska"), was operating a 2004 Freightliner Columbia 120 tractor (the "Freightliner") towing another tractor in the course and scope of his employment with Eleven Carriers LLC ("Eleven Carriers").  Eleven Carriers is and was, at all relevant times, an interstate motor carrier authorized by the United States Department of Transportation (US DOT # 2869812) and the Federal Motor Carrier Safety Administration for interstate motor carrier operations.  At all material times, Eleven Carriers was engaged in the transportation of property in interstate commerce.  Mr. Semaska illegally and negligently stopped the Freightliner in a 45 mile-per-hour travel lane without engaging hazard lights, without putting out emergency warning signs, and without otherwise illuminating the tractor that he was towing.

7.     As a result of Mr. Semaska's negligence, Plaintiff crashed into the tractor towed by Mr. Semaska, causing the Plaintiff to sustain severe injuries.

8.     Plaintiff filed a complaint against Mr. Semaska and Eleven Carriers, LLC, in the Circuit Court for the County of Greenville, Virginia, seeking compensation for his injuries.  A true and accurate copy of the complaint is attached as **Exhibit A**.

9.     Plaintiff duly served Mr. Semaska and Eleven Carriers through the Secretary of the Commonwealth.

10.     When neither defendant timely filed responsive pleadings to the complaint, Plaintiff moved for default judgment, which was granted by the Circuit Court for the County of Greenville, Virginia, on March 18, 2022.  Following a bench trial on damages, the court entered judgment for Plaintiff in the amount of $1,300,000.00 in compensatory damages, plus interest to accrue at the judgment rate from December 3, 2020, until paid, plus taxable court costs (the "Judgment").  A true and accurate copy of this judgment order is attached as **Exhibit B**.

11.     Before the crash, Eleven Carriers had purchased an insurance policy from Defendant (the "Policy"), the purpose of which was for Defendant to provide liability insurance coverage for damages arising from trucking crashes that were caused by agents and employees of Eleven Carriers.  The Policy was in effect at the time of the crash.

12.     The Policy contained an endorsement under sections 29 and 30 of the Motor Carrier Act of 1980, on a form MCS-90, in the amount of $750,000.00 (the "Endorsement").  Pursuant to the Endorsement, Defendant agreed to pay "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980."  A true and accurate copy of the MCS-90 endorsement is attached as **Exhibit C**.

13.     The Judgment was for public liability resulting from negligence in the operation, maintenance, or use of a motor vehicle, specifically, a 2004 Freightliner Columbia 120 tractor, that is and was subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980.  Therefore, Defendant is liable for the Judgment in at least the amount of $750,000.00.

14.     On April 25, 2022, Plaintiff forwarded a copy of the Judgment Order to Defendant and its Third-Party Administrator, Athens Administrators, and requested that Defendant pay the judgment in full plus interest in the amount of $214.14 per day since December 3, 2020, until paid, plus taxable court costs in the amount of $422.00.  Plaintiff requested payment by May 9, 2021.

15.     To date, Plaintiff has not received payment of the Judgment or any other amount.

16.     By virtue of the Judgment, the Policy, and the endorsement pursuant to Sections 29 and 30 of the Motor Carrier Act of 1980, Defendant is liable for at least partial payment of the Judgment, in the amount of $750,000.00, and Plaintiff is entitled to recover such payment from Defendant.

WHEREFORE, Plaintiff, Demonte Towns, moves the Court for declaratory judgment against the Defendant determining that Defendant is liable to Plaintiff in the amount of at least $750,000.00 and ordering Defendant to pay such amount together with interest thereon from December 3, 2020, Plaintiff's costs expended in this matter, and such other relief that is just and proper.

**DEMONTE TOWNS**

  /s/*Jason M. Hart*
S. Geoffrey Glick (VSB No. 28800)
Jason M. Hart (VSB No. 76818)
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, VA  23230
(804) 358-2200
(804) 358-2262
GGlick@JoelBieber.com
JHart@JoelBieber.com
*Counsel for Plaintiff*